Filed 4/7/23 In re C.L. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re C.L. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E078598 |
| Plaintiff and Respondent, | (Super.Ct.Nos. J288773, J288774 & J288775) |
| v. | OPINION |
| H.R., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Erin K. Alexander, Judge. Affirmed with directions.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, and David Guardado, Deputy County Counsel, for Plaintiff and Respondent.

1

This is an appeal taken by father from findings and orders of the San Bernardino County Juvenile Court made in the course of a semiannual review pursuant to section 364 of the Welfare and Institutions Code.[1] Father argues he is entitled to an additional six months of family reunification services because the court's finding that he had been provided reasonable services is not supported by substantial evidence. We will find the court applied the incorrect standards at the hearing, but the error was harmless as to father.

**BACKGROUND**

M.L. is the mother and H.R. (father) is the presumed father of three children: C.L. (born in October 2018), L.L. (born in June 2017), and R.L. (born in April 2014), collectively referred to herein as "the children." The children have two maternal half siblings, Y.L. (born in July 2003) and E.T (born in March 2012).

The children were living with mother in April 2021, when the family came to the attention of the San Bernardino County Children and Family Services (the Department) on account of domestic violence between father and mother, father's substance abuse, and his physical abuse of Y.L. and E.T. In addition, father was reported to have pulled down Y.L.'s pants and ran out of the room when Y.L. began screaming, he had on many occasions positioned himself on the couch so he could see her sleeping through the hole in the door where a doorknob would normally be placed, and she had awakened on four or five occasions to find him in her room staring at her. The Department filed section

_____

[1] All references to statutes herein are to the Welfare and Institutions Code.

300 juvenile dependency petitions on behalf of the children, alleging they came within subdivisions (b)(1) and (j) of section 300.

The juvenile court sustained the petitions' allegations that (i) father and the mother engaged in domestic violence in the children's presence; (ii) father has a substance abuse problem that negatively impacts his ability to provide for and protect the children; and (iii) father's physical abuse of both the children's half siblings as well as his emotional and sexual abuse of half sibling Y.L. places the children at risk of similar abuse.

The court adjudged the children dependents of the court and removed them from father's custody. The children were continued in mother's custody with provision of family maintenance services.[2] The court ordered reunification services and supervised visits for father. Father's services were to include a domestic violence program, individual counseling to address issues leading to the Department's intervention, random drug testing, and parenting classes.

The status hearing, initially set for October 2021, went forward in February 2022. The Department recommended continuation of family maintenance services for the

---

[2] The minute orders for each of the children state, "clear and convincing evidence shows that the child(ren) should be removed from the physical custody of *mother*" (italics added), which is contrary to the findings and orders made by the court as they appear in the reporter's transcript. The reporter's transcript reflects the court found "clear and convincing evidence to show that they should be removed from the physical custody of the *father*" (italics added), which is consistent with the court's order that the children "be removed from the father, maintained in the custody of the mother." Where there is a discrepancy between the reporter's transcript and the minutes that cannot be harmonized, which record will prevail depends on the circumstances of each particular case. (*People v. Harrison* (2005) 35 Cal.4th 208, 226.) Here, we deem the reporter's transcript to be the accurate record.

mother and family reunification services for father because (i) it had failed to refer them to parenting classes, which had been part of their initial case plans; (ii) it had just the day before the hearing referred the mother to a therapist to address coparenting; and (iii) the father had not completed aspects of his case plan.

At the hearing, mother's counsel argued the dependency should be dismissed because the children were doing very well in the mother's custody and there were no concerns about them being in her home. Father agreed with continuing jurisdiction, but argued he had not received reasonable services, they failed to refer him to parenting classes, and because the counseling he received had not addressed the sexual abuse allegations.

The court found the services provided to both parents were reasonable, noting its view that parenting education classes were more of a supportive service and the lack of those classes was not the reason father was not having the children returned or being granted unsupervised visits. It continued provision of reunification services as to father with his visits to remain supervised, and continued the mother's family maintenance services.

Father filed a timely notice of appeal.

## DISCUSSION

On appeal, father argues the juvenile court's finding that he had been provided with reasonable family reunification services should be reversed because it is not supported by sufficient substantial evidence. In response, the Department argues father's

4

appeal should be dismissed because he does not have standing, an argument bottomed on its further claim that he had no right to a reasonable services finding, and, in all events, father did receive reasonable services. We will affirm.

1. Father's standing

We reject the Department's claim that father lacks standing to raise the issue of failure to provide reasonable services because he was not entitled to those services in the first place. We see no purpose in adopting that approach because it would require us to evaluate the merits of father's argument before making a determination whether he has standing to make it.

2. The reasonable reunification services finding

When a child is adjudged a dependent of the court pursuant to section 300 and the court orders that a parent shall retain custody subject to supervision by the Department, the applicable statutory provision governing provision of services is subdivision (c) of section 362. That subdivision requires the court to order "child welfare services or services provided by an appropriate agency designated by the court," aimed at maintaining the child at home, that is, family maintenance services designed to support keeping the child safe while continuing to live with the custodial parent. (§§ 362, subd. (c); 16506, subd. (a).) The court may also exercise its discretion to order child welfare services ("enhancement services") to the noncustodial parent, which are designed to improve the child's relationship with that parent. (§ 362, subd. (a); *In re Destiny D.* (2017) 15 Cal.App.5th 197, 212-213.)

Once a child has been adjudged a dependent pursuant to section 300, the court must review their status every six months, but the applicable standards for the review differ depending on the child's placement. (*In re Aurora P.* (2015) 241 Cal.App.4th 1142, 1154.) Where, as here, the child has not been removed from the home of the custodial parent, section 364 governs the conduct of the status review hearing. (*Ibid.*) That statute requires the court to terminate its jurisdiction unless evidence presented at the hearing establishes by a preponderance of the evidence that conditions still exist that would justify initial assumption of jurisdiction under section 300, or that those conditions are likely to exist if supervision is withdrawn. (§ 364, subds. (c), (d); *Aurora P.*, at pp. 1155-1156.) That is, the court's sole concern at a family maintenance services review is whether further supervision is necessary or whether the dependency proceeding should be terminated, not whether the noncustodial parent has received reasonable services. (§ 364; *In re Pedro Z.* (2010) 190 Cal.App.4th 12, 19-21.)

Here, the juvenile court erred when it focused on the reasonableness of the Department's provision of "reunification" services instead of conducting the status review in accordance with section 364. We find, however, that father was not prejudiced by the error. Although the court and the Department referred to the services provided to father as family reunification services, they were in fact discretionary enhancement services provided to a noncustodial parent while the custodial parent—the mother— received family maintenance services. Father's services, unlike family reunification services provided pursuant to section 361.5, are not time limited (*In re A.C.* (2008) 169

6

Cal.App.4th 636, 641-642, 648) and are not subject to review for reasonableness (cf. §§ 361.5 and 364; *In re Pedro Z.*, *supra*, 190 Cal.App.4th at pp. 19-21). At bottom, the practical result of the court's erroneous review of father's services was that he was afforded additional opportunities to enhance his relationship with the children.

## DISPOSITION

The judgment is affirmed with directions to correct the April 28, 2021 minute orders in each of the children's files to delete the statement, "clear and convincing evidence shows that the child(ren) should be removed from the physical custody of mother," and replace that statement with, "clear and convincing evidence shows that the child(ren) should be removed from the physical custody of father."

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

7